I agree with the disposition of the majority as to the first assignment of error. I also agree with the decision of the majority that this case should be reversed and remanded to the trial court regarding the property division, which is the issue raised in appellant's second assignment of error, but respectfully disagree as to the purpose of the remand. I do find that there is some confusion between the trial court's entry of May 5, 2000, and the final decree of divorce regarding how the $5,000.00 credit union account was to be handled. It appears to me that the trial court was saying that the appellant already received the $5,000.00 credit union account but it was marital property and should appear on appellant's side of the ledger. However, the language used by the trial court in its May 5, 2000, entry leads me to question my assumption. Therefore, I would reverse and remand this matter solely for the purpose of having the trial court clarify what it intended to do with that $5,000.00 and making any other adjustments necessary in the property and debt division. I would also direct the trial court to prepare its own exhibit as to division of property and debt and attach it to the trial court's entry issued after remand.
JUDGE JULIE A. EDWARDS